UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **TRAVIS J. MARBURGER AND DESRA J. MARBURGER**<br><br>**VERSUS**<br><br>**AXIALL CORPORATION, GEORGIA GULF CORPORATION, GEORGIA GULF LAKE CHARLES, LLC, SUN, L.L.C., TURNER INDUSTRIES GROUP, L.L.C. AND EAGLE US 2, LLC** | * CIVIL ACTION NO. _____<br>*<br>*<br>* JUDGE _____<br>*<br>*<br>* MAGISTRATE JUDGE _____<br>*<br>*<br>*<br>*<br>* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

To:   Plaintiffs, Travis J. Marburger and Desra J. Marburger, through their counsel of record:

| | |
|---|---|
| J. Michael Veron<br>Jere Jay Bice<br>J. Rock Palermo, III<br>Alonzo P. Wilson<br>Jamie B. Bice<br>Turner D. Brumby<br>Ashley E. Philen<br>D'Ann R. Penner<br>VERON, BICE, PALERMO & WILSON, L.L.C.<br>721 Kirby St. (70601), P.O. Box 2125<br>Lake Charles, LA 70602-2125 | Eulis Simien, Jr.<br>Jimmy Simien<br>SIMIEN & SIMIEN, L.L.C.<br>7908 Wrenwood Blvd.<br>Baton Rouge, LA 70809 |

PLEASE TAKE NOTICE that Eagle US 2 LLC ("Eagle"), named defendant in that certain action captioned "Travis Marburger, *et al.,* v. Axiall Corporation, *et al.*," Civil Action No. 2015-3082, Division "G," pending in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana (hereinafter the "state court action"), hereby files this Notice of Removal and removes said action to the United States District Court for the Western District of Louisiana, Lake Charles Division.

{B1049723.2}                                                                                                                                                 1

**TIMELINESS OF REMOVAL**

1.

On August 3, 2015, plaintiffs filed their "Petition for Damages" in the state court action against Eagle US 2 LLC and other companies including Axiall Corporation, Georgia Gulf Corporation, Georgia Gulf Lake Charles, LLC, Sun, L.L.C., and Turner Industries Group, L.L.C. Eagle US 2 LLC's agent for service of process was served with the plaintiffs' original petition on August 11, 2015. This Notice of Removal comes within thirty (30) days of service of process on Eagle; consequently, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

2.

Pursuant to 28 U.S.C. § 1446(a), attached to this notice as **Exhibit A** is a copy of the record in the state court action at the time of removal, including all process, pleadings, and orders that have been served upon Eagle's agent for service of process, incorporated herein by reference.

*Venue*

3.

Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the Western District of Louisiana, Lake Charles Division, is the district and division within which the above described state court action is pending and, as a result, venue for the plaintiffs' claims against one or more of the diverse defendants is proper in this Court under 28 U.S.C. §§ 1332 and 1441.

**GROUNDS FOR REMOVAL – DIVERSITY JURISDICTION**

4.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, and it is removable pursuant to 28 U.S.C. §§ 1441 & 1446, because all of the plaintiffs and *properly*

*joined* defendants who are real parties in interest are citizens of different states, and the amount in controversy satisfies the requisite jurisdictional amount set forth in 28 U.S.C. § 1332(a).

5.

The removing party has the burden of proving the existence of federal jurisdiction and, if challenged, that the removal was procedurally proper. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993)).

### *Diversity of Citizenship*

6.

"Complete diversity," for diversity jurisdiction purposes, requires that all persons on one side of the controversy be citizens of different states than all persons on the other side. Here, the plaintiffs claim to be citizens of Louisiana, and none of the *properly joined* defendants are citizens of Louisiana. Accordingly, as discussed more thoroughly *infra*, there is complete diversity of citizenship among the parties for the purposes of 28 U.S.C. § 1332.

7.

The citizenship of a limited liability company for the purposes of diversity jurisdiction is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077 (5th Cir. 2008); *Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, Ltd. Liab. Corp.*, 757 F.3d 481, 483 (5th Cir. 2014). A corporation is considered a citizen of its state of incorporation and the state of its principal place of business for the purposes diversity jurisdiction under 28 U.S.C. § 1332(a). *Teal Energy USA, Inc. v. GT, Inc*., 369 F.3d 873, 875 (5th Cir. 2004). For diversity purposes, the citizenship of a trust is determined by the citizenship of its trustee. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461, 100 S. Ct. 1779, 64 L. Ed. 2d 425 (1980)).

8.

Upon information and belief, at the time of the filing of this Notice of Removal and at the time of the commencement of the state court action, plaintiffs were and are citizens of the State of Louisiana.

9.

At the time of commencement of the state court action and at the time of removal, Axiall Corporation, formerly known as Georgia Gulf Corporation, was and is organized under the laws of Delaware with its principal place of business in Georgia.  At the time of commencement of the state court action and at the time of removal, Eagle US 2 LLC and Georgia Gulf Lake Charles, LLC were and are Delaware limited liability companies having their principal place of business in the state of Georgia.  The sole member of Eagle US 2 LLC is Eagle Spinco, Inc., a Delaware corporation with its principal place of business in Georgia.  The sole member of Georgia Gulf Lake Charles, LLC is Axiall Holdco, Inc., a Delaware corporation with its principal place of business in Georgia.

10.

It is averred that Sun, L.L.C. ("Sun"), and Turner Industries Group, L.L.C. ("Turner"), who, according to plaintiffs, have members that are citizens of the State of Louisiana, were improperly joined in the state court action by plaintiffs in an attempt to defeat this Court's diversity jurisdiction.

11.

The doctrine of improper joinder prevents a plaintiff from defeating federal diversity jurisdiction simply by naming a non-diverse defendant.  The removing defendant bears the burden of demonstrating improper joinder.  *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100

(5th Cir. 1990). Improper joinder of a non-diverse party can be proven by showing "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (citing *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)). The test for the second category of improper joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant. *Smallwood*, 385 F.3d at 573 (citing *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003)).

12.

To determine a reasonable basis upon which a plaintiff may recover, the district court may (1) "conduct a Rule 12(b)(6)-type analysis," or (2) if the "plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder," the district court may "pierce the pleadings and conduct a summary inquiry." *Anderson v. Georgia Gulf Lake Charles, LLC*, 342 F. App'x. 911, 915-916 (5th Cir. 2009) (citations omitted). This summary inquiry allows a district court to look beyond the pleadings and consider summary judgment-type evidence. *Anderson v. Georgia Gulf Lake Charles*, 342 F. App'x. at 916 (citing *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217, n. 18 (5th Cir.1995)).

13.

In determining whether improper joinder has occurred, a court may conduct a Fed. R. Civ. Proc. 12(b)(6)-type analysis, looking initially at the allegations in the complaint to determine whether the complaint states a claim under state law against the in-state defendant. *Reese v. ICF Emergency Mgmt. Servs. Inc., LLC*, 684 F. Supp. 2d 793, 798 (M.D. La. 2010) (citing *Smallwood*, 385 F.3d at 573); *see also McKee v. Kansas City S. Ry.*, 358 F.3d 329, 334 (5th Cir. 2004). "A 'mere theoretical possibility of recovery under local law' will not preclude a

finding of improper joinder.'" *Smallwood*, 385 F.3d at 573 n. 9 (quoting *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 (5th Cir. 2000)).

14.

Rule 12(b)(6) provides for dismissal for failure to state a claim upon which relief can be granted. In reviewing the complaint, courts accept all well-pleaded facts in the complaint as true. *C.C. Port, Ltd. v. Davis-Penn Mortg. Co.*, 61 F.3d 288, 289 (5th Cir. 1995). However the pleading standard set forth in Fed. R. Civ. P. 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. (citing *Twombly*, 550 U.S. at 570). That is, a plaintiff must provide sufficient factual content for the court to reasonably infer that the plaintiff is entitled to relief based upon the context of the case and the court's "judicial experience and common sense." *Id*. at 663-64, 678. The plausibility standard is not a probability requirement, "but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. A complaint is insufficient if it offers only "'labels and conclusions,'" or "'a formulaic recitation of the elements of a cause of action.'" *Id*. at 678 (quoting *Twombly*, 550 U.S. at 570).

15.

When utilized, a summary inquiry allows a district court to look beyond the pleadings and consider summary judgment-type evidence. *Anderson v. Georgia Gulf Lake Charles*, 342 F. App'x. at 916. A court may examine affidavits, evidence, and deposition testimony to determine whether the plaintiff has a reasonable basis of recovery against the nondiverse defendants. *Reese*, 684 F. Supp. 2d at 798-99; *Mclin v. H & H Lure Co.*, 102 F. Supp. 2d 341,

343 (M.D. La. 2000). There must be a reasonable possibility of recovery against the nondiverse defendants, not merely a theoretical one. *Ross v. Citifinancial, Inc.*, 344 F.3d 458,462 (5th Cir. 2003); *Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 (5th Cir. 2000) (rejecting contention that theoretical possibility of recovery is enough to avoid fraudulent joinder determination, citing "reasonable basis" standard).

16.

In this case, the plaintiffs' allegations against each of the nondiverse defendants fail to meet the *Twombly-Iqbal* Rule 12(b)(6) standard. Moreover, examining evidence to pierce their allegations, it is clear that plaintiffs do not have a reasonable basis for recovering against either Sun or Turner.

17.

Plaintiffs allege damages due to the operation of "two brine pipelines that run adjacent to, and directly North of, the plaintiffs' land in the vicinity of the former location of the Brimstone railroad track" and that the pipelines were installed pursuant to servitude agreements that "remain in force today and are currently owned by Eagle." (*See* Plaintiffs' Petition attached to this Notice of Removal as part of Exhibit A, ¶¶ 5-10).

18.

Plaintiffs specifically plead that "the damage to the land is actionable as a tort, a breach of contract, a failure to operate prudently, a failure to maintain *garde* or control of the harmful byproducts of operations, a failure to observe the obligations of neighborhood or other servitudes, and a failure to obey any laws under which the plaintiffs are a third party beneficiary to contracts between defendants and others." (*See id.*, ¶ 46). Plaintiffs further allege that "the damage described above was caused by the multiple failures on the part of the defendants,

including, but not limited to … the defendants' failure to obey the applicable terms of contracts and agreements governing their operations on lands adjacent to the plaintiffs' land …" (*See id.*, ¶ 51).

19.

Plaintiffs' formulaic laundry list of conclusory allegations against "the defendants" collectively does not suffice to withstand the Rule 12(b)(6) standard. Their petition lacks sufficient factual content for the court to reasonably infer that the plaintiffs are entitled to recover against the improperly joined defendants, based upon the context and the court's "judicial experience and common sense." Accordingly, plaintiffs' petition does not survive the Rule 12(b)(6) standard.

20.

Further, piercing the pleadings, it is clear that plaintiffs have improperly joined the nondiverse defendants to avoid diversity jurisdiction. Because plaintiffs have omitted and incorrectly recited the facts contained in their petition allegations against the nondiverse defendants, a summary inquiry allows the Court to pierce the pleadings and consider summary judgment-type evidence.

21.

Defendants have offered into the record of related litigation, *Boudreaux v. Axiall Corp., et al.*, No. 2:14-cv-02283-PM-KK and *Lyons v. Axiall, et al.*, No. 2:15-cv-01674-PM-KK, competent evidence demonstrating plaintiffs have no plausible claim against the nondiverse defendants. As set forth in the affidavits filed in the *Boudreaux* and *Lyons* actions, which are incorporated herein by reference:

- The nondiverse contractor defendants did not own or operate the brine pipelines, nor did they have the discretion or authority to make any decision relating to the brine pipelines.

- The nondiverse contractor defendants had no right to use, alienate, encumber, or lease, or otherwise grant a right of use to others and no right to authorize alterations or repairs; nor did they have an unfettered right to access the brine pipelines at will, versus only a limited access to enter.

- The nondiverse contractor defendants were not delegated nor did they assume any duty, contractually or otherwise, toward the plaintiffs.

- Eagle US 2 is the owner and operator of the brine field and pipelines, and holder of the associated permit and environmental commitments.

- And Eagle US 2 made all decisions on maintenance, operation, and remedial action with regard to the brine pipelines.[1]

22.

Moreover, while plaintiffs fail to identify any specific contract with either Sun or Turner that would provide the basis for plaintiffs' claims, the only contracts upon which plaintiffs could base their claims against the contractor defendants, irrespective of whether they sound in tort, contract, or equity, would be the contractor agreements between Eagle (or PPG before it) and the contractor defendants.[2]  Those contracts contain forum selection clauses.  It is well settled law that forum selection clauses are presumptively and *prima facie* valid which must be enforced under both federal and Louisiana law.  See *Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 10, 92 S. Ct. 1907, 32 L. Ed. 2d 513 (1972); *Shelter Mut. Ins. Co. v. Rimkus Consulting Group, Inc. of La.*, 2013-1977 (La. 7/1/2014), 2014 WL 2937113, 148 So. 3d 871.  See also *Bancroft Life &*

---

[1] See Affidavits of Steve Tam filed in *Boudreaux v. Axiall, et al.*, No. 2:14-cv-02283-PM-KK, R. Doc. 1-2 & R. Doc. 24-1, incorporated herein by reference.  Steve Tam confirmed the veracity and his personal knowledge of the statements contained in those affidavits during his August 5, 2015 deposition taken by counsel for the plaintiffs herein.

[2] The terms and conditions of the contractor defendants' agreements with Eagle/PPG require disputes to be resolved in a forum other than the State of Louisiana.  See Affidavits of Gregory Burdette, attached as exhibits to the Notices of Removal in the *Boudreaux* and *Lyons* actions (the contracts were filed under seal due to confidentiality clauses), which are incorporated herein by reference.  See also *Boudreaux v. Axiall, et al.*, No. 2:14-cv-02283-PM-KK, Exh. C to Notice of Removal, R. Doc. 1-3; *Kenneth Paul Lyons v. Axiall, et al.*, No. 2:15-cv-01674-PM-KK, Exh. B to Notice of Removal, R. Doc. 1-2.

*Cas. ICC, Ltd. v. FFD Res. II, LLC*, 884 F. Supp. 2d 535 (S.D. Tex. 2012) (forum selection clause prevented joinder of additional parties). Plaintiffs' claims are bound by such forum selection clauses pursuant to the doctrine of direct-benefit estoppel.

23.

Plaintiffs' conclusorily pled claims against Sun and/or Turner do not withstand Rule 12(b)(6) scrutiny, per the dictates of the Supreme Court in *Twombly-Iqbal*. And the summary judgment-type evidence further establishes that plaintiffs have no reasonable basis for recovery against them.

24.

As they have been improperly joined, the citizenship of Sun and/or Turner must be ignored for the purposes of diversity jurisdiction. Consequently, complete diversity exists between plaintiffs and the defendants who were not improperly joined.

*Amount in Controversy*

25.

The district court has jurisdiction based on diversity of citizenship under 28 U.S.C. 1332(a) when "the matter in controversy exceeds the sum or value of $75,000." The United States Fifth Circuit Court of Appeals has made clear that the removing party meets its burden of proving the requisite jurisdictional amount if it: (1) demonstrates that it is apparent from the face of the petition that the claims are likely to exceed the jurisdictional amount; or alternatively, (2) sets forth "summary judgment type evidence" of facts in controversy that support a finding of the requisite amount. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Allen v. R. & H. Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). It is facially

apparent from plaintiffs' state court petition that the requisite amount in controversy requirement is satisfied.

26.

Here, the damages pled by plaintiffs make it facially apparent that the amount in controversy exceeds $75,000. Plaintiffs seek damages as follows according to the allegations in their petition:

- "compensatory damages associated with the damage to and contamination of the plaintiffs' land" (petition ¶ 46);

- "exemplary damages under Louisiana Civil Code article 2315.3 for the defendants' disregard of public safety in the handling, storage, and transportation of hazardous and toxic materials at any time between 1984 and 1996" (petition ¶ 48);

- the measure of exemplary damages being "the amount necessary to make an example of the defendants' bad conduct, and thus deter the defendants and others who are similarly situated from engaging in conduct like this in similar instances in the future. The determination of that amount necessarily involves an examination of the defendants' financial condition" (petition ¶ 61);

- "compensatory damages i[n] the amount necessary to put the plaintiffs in the position they would have been in had the defendants not breached the legal duties they owed to plaintiffs" (petition ¶ 58);

- "any and all costs involved in restoring the plaintiffs' land to the condition it was in before the defendants damaged it, any and all damages associated with the loss of use of land as a result of the contamination, attorneys' fees, and any other damages permitted by law" (petition ¶ 59); and

- "attorneys' fees and costs" under the Louisiana Unfair Trade Practices Act (LUTPA), La. R.S. 51:1401, *et seq.* (petition ¶ 64).

(*See* Plaintiffs' Petition for Damages attached to this Notice of Removal as part of **Exhibit A**).

27.

Plaintiffs further "request a permanent injunction prohibiting Eagle and any future owners or operators of the Pipelines from operating or using the Pipelines in any way …." (*See id.*, ¶ 66 & Prayer). Plaintiffs' requested injunctive relief must be taken into account when

calculating the amount in controversy and is "measured by the value of the right to be protected or the extent of the injury to be prevented." *See Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013), cert. denied, 135 S. Ct. 281 (2014).  "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (1977).

28.

Because it is facially apparent from the plaintiffs' allegations in the state court action that the requisite jurisdictional amount in controversy is satisfied, to avoid removal jurisdiction plaintiffs must show to a "legal certainty" that their claims are actually for less than the jurisdictional amount.  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995), *cert. denied*, 516 U.S. 865, 116 S. Ct. 180, 133 L. Ed. 2d 119 (1995).  The Fifth Circuit has explained that a plaintiff sustains this difficult burden by pointing to a state law that would prohibit him from recovering in excess of those requested in the *ad damnum* clause and that prohibits the initial *ad damnum* clause from being increased by amendment.  *Id*. at 1412.  "Absent such a statute, ... [l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints…" *Id*.

29.

Plaintiffs failed to file with their state court petition a binding and irrevocable stipulation limiting their recovery to less than $75,000.  In the absence of the general allegation required by La. C. Civ. Proc. art. 893(A)(1) and in the absence of any binding and irrevocable affirmative renunciation of recovery in excess of $75,000, the amount in controversy for purposes of diversity jurisdiction is satisfied.

30.

In view of the foregoing facts in controversy and based on the application of Louisiana law as to the potential value of plaintiffs' asserted claims and alleged remedies, this Court has original jurisdiction and this matter is properly removed because the jurisdictional amount set forth in 28 U.S.C. § 1332 is satisfied as it is facially apparent that the amount in controversy as to any one of the plaintiffs' claims exceeds $75,000, exclusive of interest and costs. Additionally, this Court has supplemental jurisdiction over all plaintiffs and the claims asserted or that could have been asserted pursuant to 28 U.S.C. § 1367. *ExxonMobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005). Accordingly, while denying any liability to the plaintiffs, Eagle US 2 LLC shows that plaintiffs have asserted claims wherein the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

31.

Based on the above, this action is properly removable to this Court pursuant to the provisions of 28 U.S.C. § 1441, *et seq*.

### *Consent to Removal*

32.

The rule of unanimity regarding the consent to removal by all defendants applies only to properly served and joined defendants. *See Getty Oil Corp. v. Insurance Co. of N. Am.*, 847 F.2d 1254, 1261-62 (5th Cir. 1988).

33.

Improperly joined defendants are not required to consent to removal. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007). Thus, the consent of Sun or Turner is not required.

34.

Axiall Corporation (formerly known as Georgia Gulf Corporation) and Georgia Gulf Lake Charles, LLC, who are represented by undersigned counsel, consent to and join in the removal of this action to this Court.

35.

Eagle US 2 LLC will provide the Court with anything further that it requires pursuant to 28 U.S.C. § 1446(a) and/or 28 U.S.C. § 1447(b).

36.

Eagle US 2 LLC will give written notice of the filing of this Notice of Removal and file a copy with the Clerk of the Fourteenth Judicial District for the Parish of Calcasieu, as required by 28 U.S.C. § 1446(d).  See **Exhibit B**.

37.

Defendants reserve the right to amend or supplement this Notice of Removal.

WHEREFORE, Eagle US 2 LLC prays that this Notice of Removal be accepted by this Honorable Court as good and sufficient and that this Court will enter such orders as may be proper in the premises.

Dated:  September 10, 2015

    Respectfully submitted
    By Attorneys,

    *s/ Luis A. Leitzelar*
    LUIS A. LEITZELAR (#20927)
    E-mail:  lleitzelar@joneswalker.com
    MICHAEL R. RHEA (#34722)
    E-mail: mrhea@joneswalker.com
    JONES WALKER LLP
    8555 United Plaza Boulevard
    Four United Plaza, Fifth Floor
    Baton Rouge, LA 70809-7000

Telephone:  (225) 248-2000
Facsimile:   (225) 248-2010

MICHAEL A. CHERNEKOFF (#01295)
Jones Walker LLP
First City Tower
1001 Fannin Street, Suite 2450
Houston, Texas 77002
Telephone:     (713) 437-1827
Facsimile:      (713) 437-1810

WILLIAM B. MONK (#09551)
E-mail: wbmonk@ssvcs.com
STEPHEN D. POLITO (#32638)
Email: sdpolito@ssvcs.com
STOCKWELL, SIEVERT, VICCELLIO,
CLEMENTS & SHADDOCK, L.L.P.
One Lakeside Plaza, Fourth Floor
Lake Charles, LA 70601
Telephone: (337) 436 9491
Facsimile: (337) 312-2919

F. CHARLES MARIONNEAUX (#18320)
E-mail: Chip.Marionneaux@axiall.com
Litigation Counsel
AXIALL CORPORATION
5615 Corporate Blvd., Suite 400C
Baton Rouge, LA 70808
Telephone: (678) 221-5699

*Counsel for Eagle US 2 LLC, Axiall Corporation (formerly known as Georgia Gulf Corporation), and Georgia Gulf Lake Charles, LLC*

## CERTIFICATE OF SERVICE

I   HEREBY   CERTIFY   that   a   copy   of   the   foregoing   was   electronically   filed   with   the Clerk  of  Court  using  the  CM/ECF  system.   Notice  of  this  filing  will  be  sent  by  operation  of  the Court's  electronic  filing  system  to  counsel  for  Plaintiffs  to  the  extent  they  are  registered  with  the Court's  CM/ECF  system.   I  certify  that  the  foregoing  Notice  of  Removal  was  served  on  all

counsel of record via U.S. Mail, prepaid and properly addressed, or by e-mail, this 10th day of September, 2015.

                                        *s/ Luis A. Leitzelar*
                                        LUIS A. LEITZELAR